IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES E. SHERROD, | ) | 4:12CV3121 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON INITIAL** |
| MARIO PEARL, Warden, and LCC, | ) | **REVIEW** |
| | ) | |
| Respondents. | ) | |

    This matter is before me on initial review of Petitioner James E. Sherrod's ("Sherrod") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Filing No. 1). In conducting this initial review, I consider the information Sherrod sets forth in his Motions to Amend. (Filing Nos. 7 and 8.) As set forth below, Sherrod's petition is dismissed because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

    The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244(b), which provides in relevant part:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id.* at 2797. In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id.* at 2798.

This court's records reflect that this is, at least, Sherrod's third petition in this court challenging the same judgment. Here, he challenges the conviction and sentence obtained and imposed in the Lancaster County District Court for sexual assault on another inmate. (Filing No. 1 at CM/ECF p. 1.) That conviction is described in a 1991 decision of the Nebraska Supreme Court. *State v. Sherrod,* 464 N.W. 2d 809 (Neb. 1991) (affirming conviction of first degree sexual assault and sentence of 25 to 30 years' imprisonment). Sherrod unsuccessfully challenged this same Lancaster County conviction in earlier federal habeas corpus litigation. *See Sherrod v. Kinney, et al.*, Case No. 4:03CV3305 (D. Neb.) (dismissed because successive and not certified by the Eighth Circuit); *Sherrod v. State of Nebraska,* Case No. 4:04CV3296 (D. Neb.) (dismissed because successive and not certified by the Eighth Circuit).

The pending petition is a second or successive petition under the statute insofar as it challenges the same Lancaster County conviction and sentence. The record does not reflect that Sherrod has received permission from the Court of Appeals to again

attack this Lancaster County conviction. If Sherrod wishes to continue to pursue this matter, he should file a motion with the Eighth Circuit Court of Appeals fully addressing the legal requirements for successive habeas petitions set forth in 28 U.S.C. § 2244(b).

IT IS THEREFORE ORDERED that:

1. Sherrod's Motions to Amend (Filing Nos. 7 and 8) are granted to the extent they are consistent with this Memorandum and Order on Initial Review.

2. Sherrod's Motion to Appoint Counsel (Filing No. 6) is denied as moot.

3. Sherrod's Petition for Writ of Habeas Corpus is dismissed without prejudice to reassertion of a subsequent petition upon authorization by the Eighth Circuit Court of Appeals.

4. A separate judgment will be entered in accordance with this Memorandum and Order on Initial Review.

Dated July 27, 2012.

BY THE COURT

*[signature]*
Warren K. Urbom
United States Senior District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.